IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. GEORGE, | No. C07-01369 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant United States of America's ("Defendant") Motion for Summary Judgment.[1] *Pro se* Plaintiff Richard E. George ("Plaintiff" or "George") opposes the motion. For the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## FACTUAL BACKGROUND

This is an action for a tax refund brought by taxpayer Plaintiff for income taxes collected for the 1997 and 1998 tax years pursuant to Section 7422 of the Internal Revenue Code. 26 U.S.C. § 7422. Unless otherwise indicated, the Court finds the following facts to be undisputed.

**A.  1997 Tax Year**

On June 15, 2000, the United States Tax Court entered a Decision against taxpayer Plaintiff with respect to the tax deficiency for the 1997 tax year, assessing tax due of $26,446 and a sanction

---

[1] Docket No. 14.

by penalty under 26 U.S.C. 6673(a)(1) of $2,500.  (Moore Decl., ¶ 2, Exh. A.)  The Ninth Circuit issued a memorandum affirming the Tax Court decision, except for remanding for recalculation of deficiency for social security overpayments of $2,154.48.  (*Id*. at ¶ 3, Exh. B.)  The Tax Court subsequently issued a decision based on the Ninth Circuit mandate on March 7, 2003.  (*Id*., Exh. B.)

**B.    1998 Tax Year**

Plaintiff untimely filed his 1998 income tax return on May 7, 2000.  (*Id*. at ¶ 4, Exh. C.)  Plaintiff did not report his wage income or all of his capital gain income for the 1998 tax year on his income tax return.  (*Id*.)  Plaintiff reported itemized deductions of $51,381 on his Form 1040, but did not provide a Schedule A for Itemized Deductions, or any other form of breakdown or substantiation of the total deductions claimed on the form 1040.  (*Id*.)  The Internal Revenue Service ("IRS") issued a Revenue Agent's Report ("RAR") on May 8, 2001 to correct the taxable income to include unreported wage and capital gain income.  (*Id*. at ¶ 5, Exh. D.)  The IRS issued a revised RAR on January 4, 2002 to deduct basis cost from Plaintiff's capital gain income.  (*Id*. at ¶ 6, Exh. E.)  The IRS prepared a corrected 1998 tax return for Plaintiff based on the revised RAR.  (*Id*.)  In both reports the IRS recognized $52,314 of mortgage interest expense, of which $49,604 was determined deductible.  (*Id*. at ¶ 7, Exh. F.)

In 2005, Plaintiff filed an administrative claim for refund for the 1997 and 1998 tax year.  On February 16, 2007, Plaintiff filed the operative complaint for tax refund with the Superior Court of California, County of San Mateo for the 1997 and 1998 tax year.  (Complaint ("Compl.") at p.1.)

**LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *Id.* at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at 250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in its favor. *Id.* However, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

## ANALYSIS

**A.     1997 Tax Liability**

Defendant contends that this Court is without subject matter jurisdiction to redetermine Plaintiff's 1997 tax liability previously calculated by the Tax Court, and that the res judicata effect of the Tax Court's decision bars Plaintiff's current refund claim. Plaintiff does not substantively respond, other than to argue that the 1997 taxes imposed by Defendant exceed the amount owed as determined by the Tax Court.

**1.     This Court is Without Subject Matter Jurisdiction.**

26 U.S.C. § 6512(a) precludes a district court from redetermining tax liability once the Tax Court has done so. *First Nat. Bank of Chicago v. United States*, 792 F.2d 954, 956 (9th Cir. 1986); *see also Shapiro v. United States*, 245 F. Supp. 951, 953 (S.D. Cal. 1965) (finding that taxpayers' filing of Tax Court petition for redetermination of deficiencies and penalties with respect to tax year precluded subsequent district court action to recover alleged overpayment). Section 6512(a) provides that,

> If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, ... to which such petition relates ... in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except . . .

3

1      .[listing exceptions].

2  26 U.S.C. § 6512(a).

3      Here, Plaintiff has previously initiated a petition for a tax refund in the Tax Court. On June 15, 2000, after considering Plaintiff's petition for tax refund, the Tax Court entered a Decision against Plaintiff with respect to the tax deficiency for the 1997 tax year, assessing tax due of $26,446 and a sanction by penalty under 26 U.S.C. 6673(a)(1) of $2,500. (Moore Decl., ¶ 2, Exh. A.) The Ninth Circuit subsequently issued a memorandum affirming the Tax Court decision, except for remanding for recalculation of deficiency for social security overpayments of $2,154.48. (*Id*. at ¶ 3, Exh. B.) The Tax Court subsequently issued a decision based on the Ninth Circuit mandate on March 7, 2003. (*Id*., Exh. B.) Because Plaintiff has already filed a petition for a refund in the Tax Court and because "the mere filing of the petition operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund," Plaintiff is not entitled to bring the current action in this Court. *Shapiro*, 245 F. Supp. at 956 (citing *Moir v. United States*, 149 F.2d 455, 460 (1st Cir. 1945)). For this reason, the Court finds that it without subject matter jurisdiction to hear Plaintiff's tax refund claim for the 1997 tax year.

**2.    The Doctrine of Res Judicata Bars Plaintiff's Claim.**

If the Tax Court has rendered a final decision on the year, the allowance of a refund claim might also be denied under general principles of res judicata. *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597-98 (1948)*; Russell v. United States*, 592 F.2d 1069, 1071-72 (9th Cir. 1979) (recognizing that Tax Court's decision is res judicata as to year in question). The general rule of res judicata applies to repetitious suits involving the same cause of action. *Russell*, 592 F.2d at 1071-72. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. *Id*. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Id*. (*Cromwell v. County of Sacramento*, 94 U.S. 351, 352 (1876)). The judgment puts an end to the cause of action, which cannot again be brought into litigation between

4

the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Id*.

In this case, the Tax Court has previously determined, and the Ninth Circuit has affirmed, Plaintiff's tax liability for the 1997 taxable year. Because the Tax Court has entered a final judgment, in a matter involving the same parties, as to the same issues, the Court finds that Plaintiff's claim for a refund is barred by the doctrine of res judicata. For this additional reason the Court finds that Plaintiff's tax refund claim for the 1997 tax year fails.

Because this Court is without subject matter jurisdiction, and because Plaintiff's claim is barred by the doctrine of res judicata, the Court **GRANTS** Defendant's Motion For Summary Judgment as to Plaintiff's tax refund claims for the 1997 taxable year.

### B.     1998 Tax Liability

Defendant insists that Plaintiff cannot exclude capital gain income as a non-taxable exchange of corporate stock, and that the IRS properly denied Plaintiff's deductions. Plaintiff focuses his opposition on the issue of capital gains. More specifically, he argues that the capital gain from the stocks he sold in 1998 was wrongfully recognized as taxable gain by Defendants. Plaintiff bases his position solely on IRS Publication 550, which states in pertinent part, "You can exchange common stock for common stock in the same corporation without having a recognized gain." (Compl. ¶ 28.) Plaintiff then argues that the 1998 stock-related capital gains did not constitute taxable income because Plaintiff repurchased the stock within a 30-day time frame authorized by IRS "rules."[2]

#### 1.     Corporate Stock Transactions Are Taxable Income.

IRS Publication 550, as referenced above, relates to the non-recognition of gain in certain stock transactions under Section 1036, Stock for Stock of the Same Corporation. 26 U.S.C. § 1036. Section 1036 allows non-recognition of gain if "common stock in a corporation is exchanged solely for common stock in the same corporation, or if preferred stock in a corporation is exchanged solely for preferred stock in the same corporation." 26 U.S.C. § 1036.

Turning to the current record, it is evident that Plaintiff's monthly stock brokerage statements

---

[2] Plaintiff fails to identify the IRS "rules" on which he relies. Defendant argues that no IRS Code statute or regulation permits tax-free treatment for such a transaction.

indicate that Plaintiff received money for stock sold in 1998.  (Moore Decl. at ¶ 8, Exh. G.)  The general rule is that gain from the sale of property is recognized as income in the year of the sale.  *See* 26 U.S.C. § 451; *Roberts v. C.I.R.*, 643 F.2d 654, 655-57 (9th Cir. 1981).  Although, Plaintiff argues that the stock transactions at issue qualify under Section 1036, he has failed to adduce any evidence indicating that the transactions at issue were qualifying exchanges under Section 1036.  Even if Plaintiff intended to enter in a qualifying exchange under Section 1036, Plaintiff's intention alone cannot qualify the capital gain as a nontaxable gain.  *See Bezdjian v. C.I.R.*, 845 F.2d 217, 218 (9th Cir. 1988) (stating "the fact that the [taxpayers] intended the Broadway parcel to replace the El Camino property in their holdings does not render their transactions a [Section 1031] exchange.).

Moreover, the record contains additional evidence that Plaintiff's 1998 stock sales constituted taxable gain.  In particular, Defendant points to the IRS's RARs issued on May 8, 2001 and January 4, 2002, wherein the IRS corrected the taxable income to include unreported wage and capital gain income, and deducted basis costs from Plaintiff's capital gain income, respectively.  (Moore Decl. at ¶¶ 5 and 6, Exh. D. and E.)  Because Defendant has produced substantial evidence the IRS's determination of unreported income from wages and capital gain carries a presumption of correctness. *Daniel v. C.I.R.*, 213 Fed. Appx. 641, 642 (9th Cir.  2006) (citing *Hardy v. Comm'r*, 181 F.3d 1002, 1004-05 (9th Cir. 1999)).  Accordingly, Plaintiff must come forward with some competent evidence indicating the deficiency was erroneous.  *Id.*  Here, Plaintiff has not presented any evidence nor made any assertions to support his claim that the unreported stock-related income determination was erroneous.  For this reason, the Court finds that summary judgment in Defendant's favor is appropriate as to the 1998 stock transactions at issue.

**2.     The IRS Properly Denied Plaintiff's Deductions.**

In his Complaint, Plaintiff claims that the IRS failed to allow deductions for deductible expenses when recalculating his tax liability.  (Compl. ¶ 16.)  However, Defendant has adduced evidence that the IRS allowed mortgage interest expense of $52,314, of which $49,604 was determined deductible expense under 26 U.S.C. § 68.  (Moore Decl. ¶ 6, Exh. E.) Section 68 limits itemized deductions by 3% of Adjusted Gross Income ("AGI") in excess of statutory limitation on AGI.  26 U.S.C. § 68.  Because Plaintiff's AGI exceeded the statutory limitation, his itemized

6

deductions for the 1998 tax year were properly limited by 26 U.S.C. § 68.  (Moore Decl. ¶ 6, Exh. E.)

In his opposition, Plaintiff does not address the IRS's denial of his 1998 tax deductions.  A review of the current record reveals that Plaintiff has not provided any evidentiary support for his allegations that the IRS improperly denied deductions when recalculating his tax liability.  For this reason, the Court finds that summary judgment in Defendant's favor is appropriate as to the 1998 tax deductions at issue.

In conclusion, although Plaintiff insists that there are triable issues of fact, he completely fails to identify the specific portions of the record file that establish triable issues of material fact.  Instead, Plaintiff invites the Court to search the record of a related case for "sworn affidavits and evidence."  Because the party opposing summary judgment must direct the court's attention to specific triable facts, and because the Court is not required to mine the record for Plaintiff on a motion for summary judgment, this Court finds a lack of competent evidentiary support to rebut Defendant's evidentiary showings.  Butler v. Clarendon America Ins. Co., ___ F. Supp. 2d___, 2007 WL 1880359 at *9 (N.D. Cal. 2007); *see also Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir. 2001).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.  The hearing scheduled for August 14, 2007 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 13, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE